UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

CHRISTOPHER CANALE,
                          Defendant.

17-CR-286 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    On March 31, 2020, Defendant Christopher Canale filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) asserting that he is at high risk of severe illness if he contracts COVID-19. (Dkt. No. 33.) The Government opposed the motion (Dkt. No. 34), and this Court held a telephonic hearing on April 7, 2020. For the reasons that follow, this Court defers ruling on Canale's motion, but recommends that the Bureau of Prisons give prompt and favorable consideration to his request for compassionate release.

**I.    Background**

    On February 23, 2018, Defendant Christopher Canale was sentenced to 36 months' imprisonment. To date, he has served more than 23 months of his sentence. Defense counsel represents that Canale was scheduled to be released into community confinement on April 22, 2020, but his release was cancelled for bureaucratic reasons. (Dkt. No. 33-1 at 2.) The Bureau of Prisons ("BOP") apparently has no record that he was eligible for community confinement. (Dkt. No. 34 at 2 n.1.) However, the Government does not dispute that he is currently scheduled to be released into home confinement on August 1, 2020. (Dkt. No. 34 at 2.)

    Canale represents that on March 29, 2020, he filed a request for compassionate release due to the COVID-19 pandemic with the warden. (Dkt. No. 36 at 1.) BOP informed the Government that as of April 2, 2020, it had no record of that request. (Dkt. No. 34 at 2.) On

1

April 4, 2020, defense counsel resubmitted Canale's administrative request to the warden. (Dkt. No. 36 at 1.)

## II. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Courts are permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## III. Discussion

As Courts in this District have recognized, it is beyond dispute that COVID-19 is much more easily transmitted, and is thus particularly dangerous, in the prison environment. *See, e.g.*, *United States v. Gross*, No. 15 Cr. 769, 2020 WL 1673244, at *1 (S.D.N.Y. Apr. 6, 2020); *Coronel v. Decker*, No. 20 Civ. 2472, 2020 WL 1487274, at *3 (S.D.N.Y. Mar. 27, 2020).

Furthermore, it is clear that Canale has a higher risk of severe illness or death if he were to contract COVID-19. Canale is severely overweight and has rheumatoid arthritis. According to the CDC, severe obesity is a condition that places a person at a higher risk of serious illness from COVID-19. *See* CDC COVID-19 Guidance, https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html. And rheumatoid arthritis is an autoimmune disorder,

2

which "carr[ies] a documented increased risk of infection compared with the general population." (Dkt. No. 33-6.) Canale also suffers from high blood pressure, for which he takes several medications per day. One medication that Canale takes for his high blood pressure is Losartan. Recent studies have shown that patients who take medications such as Losartan are at increased risk for COVID-19 infection. (*See* Dkt. No. 33-4.)

Due to the potentially life-threatening risk that his incarceration presents, Canale asks that he be released into home confinement less than four months early. The Government argues that this Court is not empowered to grant Canale's compassionate release motion at this time because he has neither exhausted his administrative remedies nor have 30 days lapsed since the warden has received his request. The 30-day waiting period is particularly troubling in this case because the BOP seems to have no record of Canale's March 29, 2020 compassionate release request. However, this Court is confident that both the Government and BOP understand that in the context of the global COVID-19 pandemic, 30 days could be the difference between life and death. And there is "[n]othing in the [BOP's] internal procedures for implementing the compassionate release statute that suggests that it cannot complete its review process, including any appeal, extremely quickly." *United States v. Russo*, No. 16 Cr. 441, Dkt. No. 54 at 5 n.1 (S.D.N.Y. Apr. 3, 2020).

The Court recommends that BOP give favorable consideration to Canale's request for compassionate release. Although Canale committed a serious crime, he has served over 23 months in prison. His crime was nonviolent and he does not appear to be a danger to society. He has earned good-conduct credit while incarcerated, and is eligible for release to home confinement on August 1 of this year — that is, in approximately three and a half months. Given the serious risks entailed by his continued incarceration during this extraordinary public health

crisis, the Court recommends that Canale be released on the condition of home incarceration, with an immediate mandatory 14-day quarantine.

Accordingly, the Court directs the Government to inform the Court by April 15, 2020, of the actions taken by BOP in response to this Order. If the BOP has not acted on Canale's request for release by that date, the Government is directed to provide a firm date by which the BOP will reach its decision on Canale's request.

SO ORDERED.

Dated: April 9, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge