UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA

-v-

CHRISTOPHER CANALE,
                             Defendant.

17-CR-286 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

On April 9, 2020, this Court recommended that the Bureau of Prisons ("BOP") grant Defendant Christopher Canale's request for compassionate release due to Canale's high risk of serious illness if he were to contract COVID-19. (Dkt. No. 40.) Ultimately, the BOP decided to release Canale from USP Canaan (Pennsylvania) on a 14-day furlough and then require him to report to the Brooklyn Residential Reentry Center ("RRC"), a halfway house, on May 6, 2020. (Dkt. No. 45-1.) On April 22, 2020, Canale renewed his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i). (Dkt. No. 42.) For the reasons that follow, Canale's motion is granted.

**I.    Legal Standard**

A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). A court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the

1

defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## II. Discussion

### A. Exhaustion of Administrative Remedies

In response to Canale's second motion for compassionate release, the Government continues to argue that this Court cannot act upon Canale's motion because he has not yet fully exhausted his administrative remedies nor have 30 days elapsed from the receipt of his request by the warden. Because the BOP did not acknowledge receipt of Canale's request until April 4, 2020, the Government contends that this Court may not act until May 4, 2020. (Dkt. No. 44 at 1.) While Canale renews his argument that the First Step Act's exhaustion requirement may be judicially waived, this Court need not reach the question because it finds that the requisite 30-day period lapsed on April 27, 2020.

Canale's BP-9 form requesting compassionate release is dated March 28, 2020. (Dkt. No. 45-2 at 3.) And "in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x. 61, 62 (2d Cir. 2006). While the BOP did not acknowledge receipt of Canale's request until April 4, 2020, that is not the relevant date. The "prisoner mailbox rule" provides that an inmate's papers are deemed filed as soon as they are signed and given to prison officials for mailing. *See Houston v. Lack*, 486 U.S. 266, 276 (1988). Accordingly, March 28, 2020, is the date on which Canale's request for compassionate release is deemed submitted, notwithstanding any delay in the formal acknowledgement of the request. *See United States v. Resnick*, No. 14 Cr. 810, 2020 WL 1651508, at *6 (S.D.N.Y. Apr. 2, 2020)

("Applying the prisoner mailbox rule, the counselor's receipt of the [compassionate release request] constituted the warden's receipt of the documents.")  Because the 30-day period has now expired, the exhaustion requirement does not preclude relief under the First Step Act.

      **B.**      **Extraordinary and Compelling Reasons**

Turning to the merits of Canale's motion, the Court finds that there are "extraordinary and compelling reasons" warranting a reduction in Canale's sentence.  The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction.  One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

Canale has numerous health conditions that place him at high risk of severe illness, and potentially death, if he were to contract COVID-19.  (Dkt. No. 40 at 2–3.)  The BOP evidently acknowledges this, having granted him a furlough to home detention effective April 23, 2020.  But for reasons that are not clear to the Court, the BOP's furlough is for only *two weeks*, and is to be followed by his detention at the RRC.  Release to a halfway house such as the RRC does not meaningfully alleviate Canale's risk — even putting aside the risk inherent in transporting him among three different physical settings over the course of two weeks during this pandemic.  Residents at the RRC sleep in bunk beds in close proximity.  Sixty men share two bathrooms and other common facilities.  *See United States v. Campagna*, No. 16 Cr. 78, 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27, 2020) (ordering release of RRC resident due to COVID-19 risks).  To

ensure Canale's safety, home confinement is the only reasonable option. The Court also finds that Canale does not pose a danger to other persons or to the community, and the Government does not argue otherwise.

Accordingly, the Court finds that the COVID-19 pandemic, coupled with Canale's serious physical and medical condition, provide "extraordinary and compelling reasons" for reducing his sentence in a manner that avoids his re-detention at a halfway house.

### C. Section 3553(a)

The Court has also considered all of the sentencing factors set forth in 18 U.S.C. § 3553(a). There is no question that Canale committed a serious crime. As explained by this Court at sentencing, Canale committed a brazen fraud, ultimately stealing millions of dollars from his employer. (Dkt. No. 26 at 13-14.) As the Court also noted, the Defendant's medical problems would make a lengthy period of incarceration particularly difficult for him (Dkt. No. 26 at 15), and the current pandemic dramatically heightens that concern. Canale has served two years of his three-year sentence in federal prison, including two weeks in restrictive quarantine due to the coronavirus pandemic. Because he has earned good-time credit while incarcerated, he has a projected release date of November 17, 2020, and he is eligible for home detention on August 1, 2020. (Dkt. No. 39.) Canale has no prior criminal record and does not present a significant risk of violence or recidivism. Placing the Defendant on home detention three months earlier than his eligibility date is a relatively modest sentence reduction, particularly when weighed against the potential harm of not doing so. And the Defendant's punishment will continue: his freedom will be substantially restricted during the term of home confinement; he will then be subject to three years of supervised release; and he will have a substantial restitution obligation including garnishment of his earnings.

In sentencing the Defendant, the Court determined that a 36-month term of imprisonment was required by the goal of just punishment and the need for general deterrence, in light of the seriousness of the crime.  But that same sentence is not mandated under circumstances where there is a very real risk that it could be transformed into a death sentence.

The Court concludes that a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing, 18 U.S.C. § 3553(a), is a sentence of time served, followed by a term of supervised release that includes home confinement until November 17, 2020, the date on which the Defendant was expected to complete his custodial sentence.

### III.     Conclusion

For the foregoing reasons, Canale's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is GRANTED.

Canale is hereby RESENTENCED to TIME SERVED, and is ordered released from the custody of the Bureau of Prisons, effective immediately.  Canale is hereby placed on supervised release status, with a special condition of home confinement until November 17, 2020. Furthermore, until November 17, 2020, and for three years thereafter, Canale shall be subject to all the mandatory conditions, standard conditions, and special conditions of supervised release from the original judgment and sentence in this case.

The Clerk of Court is directed to close the motions at Docket Numbers 33, 41, and 42.

SO ORDERED.

Dated: April 30, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge