UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Judgment Creditor,<br><br>　　v.<br><br>CHRISTOPHER CANALE,<br><br>　　　　　　　Judgment Debtor,<br>and<br><br>FIDELITY MANAGEMENT TRUST COMPANY, and GOODRICH & BENDISH,<br><br>　　　　　　　Third-Party Respondents. | No. 17 CR 286 (JPO)<br><br>**TURNOVER ORDER** |

　　　　WHEREAS the Court entered judgment against Christopher Canale on February 23, 2018 and ordered him to pay $7.1 million plus interest in restitution to the victim of his crime;

　　　　WHEREAS Canale has made payments totaling $6,275, and his outstanding balance is $7.7 million as of July 28, 2021;

　　　　WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose on all of Canale's property and rights to property notwithstanding any other federal law, and the United States may use any federal or state procedure to enforce the judgment;

　　　　WHEREAS, pursuant to Federal Rule of Civil Procedure 69(a)(1) and N.Y. CPLR § 5222, the United States issued and served restraining notices on Fidelity Management Trust Co. ("Fidelity") and Goodrich & Bendish ("G&B") for substantial nonexempt property belonging or due to Canale;

　　　　WHEREAS Fidelity answered that it holds approximately $476,365, subject to market fluctuation, in Rollover IRA number ending in 8831;

WHEREAS G&B answered that it holds $296,493.19 in an attorney trust account for Canale from the sale of his former residence;

WHEREAS the United States served Canale with the restraining notices and its motion for turnover orders, including the exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a), and no response or objection has been received from Canale;

WHEREAS Canale has a substantial nonexempt interest in the funds held by each third-party respondent, to which the criminal judgment lien has attached, and therefore these funds are subject to turnover;

IT IS HEREBY ORDERED that FIDELITY MANAGEMENT TRUST CO. shall liquidate securities as needed to pay to the Clerk of Court within 15 days from the date of this order the nonexempt property it has in its possession, custody, or control belonging to or due the defendant-judgment debtor, CHRISTOPHER CANALE, namely 100% of the full liquidated value of his IRA number ending in 8831, less any deductions required by law, with no withdrawal penalty. *See* 18 U.S.C. § 3613; *United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

IT IS FURTHER ORDERED that GOODRICH & BENDISH shall pay the full liquidated value of the net proceeds from the sale of his former residence held in trust for CHRISTOPHER CANALE to the Clerk of Court in partial satisfaction of the federal criminal judgment in this case;

Payments should be made by cashier's check or certified funds to "Clerk of Court" with "No. 17 CR 286" written on the face of each payment and mailed to:

United States District Court
500 Pearl Street, Room 120

                           New York, New York 10007
                                 Attn: Cashier

Dated: New York, New York
          August 2, 2022

                                                                   J. PAUL OETKEN
                                                     United States District Judge